UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

               Plaintiff,

        -against-

NORTHSIDE HOSPITAL, INC.; NORTHSIDE
ENT SPECIALISTS; JOHNNY WON, M.D.;
TYLER DENMEADE, PA-C; ALPHA SITA;
LYNNE EDWARDS; JOHN DOES 1-10,

               Defendants.

26-CV-1483 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Amari Moody, who resides in Dacula, Gwinnett County, Georgia, brings this *pro se* action against Defendants, who are health care providers also located in Gwinnett County, Georgia. Plaintiff asserts claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), alleging that Defendants discriminated against him based on his disability with respect to medical care provided to Plaintiff in Georgia. By order dated April 21, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reason set forth below.

## DISCUSSION

### A.    The complaint

      Venue for Plaintiff's claims under the ADA and RA are governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Further, it is not in the interest of justice to transfer a case where Plaintiff has disregarded the proper forum for the action. *See, e.g.*, *Morel v. Aids Ctr. of Queens Cnty., Inc.*, No. 23-CV-6018 (DLC), 2023 WL 8452402, at *2 (S.D.N.Y. Dec. 6, 2023) ("If 'allowing a transfer' would 'reward [a] plaintiff[ ] for [its] lack of diligence in choosing a proper forum,' transfer is 'not in the interest of justice.'" (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992))).

Here, Plaintiff alleges no facts demonstrating that venue in this District is proper for his claims under Section 1391(b). He does not allege that any defendant resides in this District, that any events or omissions giving rise to any claim occurred in this District, that there is no other district in which this action may be brought, or that any Defendant is subject to personal jurisdiction in this District with respect to this action. Plaintiff's vague and conclusory allegations—that Defendants' failure to accommodate his disability in Georgia caused

2

"[i]nterstate [h]arm" to Plaintiff by impacting his "pending SDNY actions" or his "ability to pursue ADA accommodation requests in New York," or that the care provided to Plaintiff in Georgia "affects medical decision-making" of New York health care providers (ECF 3, at 6)—are insufficient to satisfy the requirements of Section 1391(b)(2). *See, e.g.*, *P.C. v. Driscoll*, No. 24-CV-2496 (LJL), 2025 WL 104522, at \*6 (S.D.N.Y. Jan. 15, 2025) ("[G]eneral and conclusory allegations cannot support a finding of venue under 28 U.S.C. § 1391(b)."); *Doe #1 v. JetBlue Airways Corp.*, No. 19-CV-1542, 2020 WL 4605216, at \*5 (E.D.N.Y. Aug. 11, 2020) (finding conclusory allegations insufficient to support venue in statutory venue context). Plaintiff brings this action against Defendants residing in Georgia arising from events or omissions that occurred in Georgia. Venue for this action is not proper in the Southern District of New York.

Plaintiff has filed four other actions in this Court with no basis for venue in this District, which this Court has transferred to the United States District Court for the Northern District of Georgia. *See Moody v. Weimer*, No. 26-CV-0128 (LTS) (S.D.N.Y. Jan. 20, 2026) (transferring claims against employees of the United States District Court for the Northern District of Georgia); *Moody v. Boudewyns*, No. 26-CV-0222 (LTS) (S.D.N.Y. Jan. 13, 2026) (transferring action brought against employees of Gwinnett County Superior Court arising from events occurring in Gwinnett County); *Moody v. Nelnet, Inc.*, No. 26-CV-0012 (LTS) (S.D.N.Y. Jan. 9, 2026) (transferring action against defendant not alleged to reside in this District and arising from claims not alleged to have occurred in this District); *Moody v. Kijakazi*, No. 26-CV-0109 (LTS) (S.D.N.Y. Jan. 8, 2026) (transferring mandamus claims); *see also Moody v. Broadview Fed. Credit Union*, No. 26-CV-0282 (LTS) (S.D.N.Y. Feb. 3, 2026) (transferring, under 28 U.S.C. § 1404, claims against defendant located in Albany to the Northern District of New York).

3

In *Weimer*, by order dated January 20, 2026, the Court recounted Plaintiff's history of filing actions in this Court for which venue was improper and warned him that, if he continues to file actions in this court for which venue is improper, the Court, in the interest of justice, would decline to transfer the action to a proper venue, but would instead dismiss the action without prejudice. ECF 1:26-CV-0128, 7. Plaintiff has clearly not heeded the Court's warning. By order dated April 8, 2026, the Court dismissed two actions Plaintiff filed in this court after the January 20, 2026 order in *Weimer* for which venue was improper and ordered Plaintiff to show cause why he should not be barred from filing any future actions in this court IFP without first obtaining permission from the court to file. *See Moody v. Northeast Georgia ENT, P.C.*, ECF 1:26-CV-1481, 9 (S.D.N.Y. Apr. 8, 2026); *Moody v. Emory Healthcare, Inc.*, ECF 1:26-CV-1478, 9 (S.D.N.Y. Apr. 8, 2026).

In filing this action after the Court's January 20, 2026 warning in *Weimer*, Plaintiff has again demonstrated a lack of diligence in considering the proper forum for his claims. The Court therefore finds that it would not be in the interest of justice to transfer these claims to the Northern District of Georgia. *See Morel*, 2023 WL 8452402 at *2. The Court declines to transfer this action and dismisses it for improper venue. *See* 28 U.S.C. § 1406(a). This dismissal is without prejudice to Plaintiff refiling it in a forum in which venue is proper.

**B.    Plaintiff's motions**

Plaintiff has filed multiple motions for preliminary injunctive relief, as well as various other motions and "notices" in this action. (ECF 5, 7-10.) To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation

and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Because this action is being dismissed, the Court denies Plaintiff's motions as moot.

### CONCLUSION

The Court dismisses this action for improper venue, having found that transfer to a proper venue would not be in the interest of justice. *See* 28 U.S.C. § 1406. This action is dismissed without prejudice to Plaintiff refiling it in a forum in which venue is proper.

The Court denies Plaintiff's requests for preliminary injunctive relief as moot. The Clerk of Court is directed to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

5